**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02177-REB-BNB

CODY L. POTTS,

    Plaintiff,

v.

CITIFINANCIAL, INC., and
PACIFICARE OF COLORADO, INC., jointly and severally,

    Defendants.

## ORDER GRANTING MOTION TO REMAND

**Blackburn, J.**

The matters before me are (1) **Plaintiff's Motion for Remand** [#40][1] filed January 13, 2012; and (2) **Defendants' Amended Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#38] filed December 13, 2011.  I grant the motion to remand and consequently deny the motion to dismiss as moot.

### I.  JURISDICTION

Putatively, I have subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question).

### II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  The burden of proof is on the party seeking to invoke federal jurisdiction to establish that

---

[1] "[#40]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and filing system (CM/ECF).  I use this convention throughout this order.

removal was proper. ***Karnes v. Boeing Co.***, 335 F.3d 1189, 1193 (10th Cir. 2003). To make this showing, defendants must demonstrate that plaintiff's complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." ***Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California***, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). This determination must be based on the claims asserted by plaintiff, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." ***Id.***, 103 S.Ct. at 2846.

Removal is generally governed by the "well-pleaded complaint" rule, which affirms that "[t]he plaintiff is the 'master of the claim' and may prevent removal [to federal court] by choosing not to plead a federal claim even if one is available." ***Turgeau v. Administrative Review Board***, 446 F.3d 1052, 1060 (10th Cir. 2006). A claim based ostensibly on state law will be found to arise under federal law, and thus be removable, "only when the plaintiff's statement of his own cause of action shows that it is based on federal law." ***Id.*** (internal citation and quotation marks omitted). Such is the case when a state law claim is completely preempted by federal law, that is, when "federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." ***Schmeling v. NORDAM***, 97 F.3d 1336, 1342 (10th Cir. 1996).

The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), creates a "uniform regulatory regime over employee benefit plans" in order to

"'protect . . . the interests of participants in employee benefit plans and their beneficiaries.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004) (quoting 29 U.S.C. § 1001(b)). For this reason, it has long been recognized as one of the few federal statutes as to which complete preemption may be appropriate. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-67, 107 S.Ct. 1542, 1546-48, 95 L.Ed.2d 55 (1987); *see also Colbert v. Union Pacific Railroad Co.*, 485 F.Supp.2d 1236, 1240 (D. Kan 2007) (complete preemption also recognized under Labor Management Relations Act and National Bank Act). Complete preemption preserves ERISA's "interlocking, interrelated, and interdependent remedial scheme," *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985), which reflects congressional policy choices "represent[ing] a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans," *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 S.Ct. 39 (1987).

   Nevertheless, not all claims that might potentially affect an ERISA plan are completely preempted. Although section 514(a) of ERISA, which provides for preemption of any state law claim that "relate[s] to any employee benefit plan," 29 U.S.C. § 1144(a), is interpreted broadly, *see Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), it merely creates ordinary or "conflict" preemption, which is a defense and will not support removal jurisdiction, *see Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1157

(10th Cir. 2004), ***cert. denied***, 125 S.Ct. 2961 (2005). Complete preemption sufficient to create federal removal jurisdiction applies only to that more limited class of claims that fall within the scope of the civil enforcement provisions of section 502(a) of ERISA, which covers claims "to recover benefits due . . . under the terms of [the] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, claims that relate to a plan, but do not seek to enforce rights thereunder are not subject to removal. ***See Felix***, 387 F.3d at 1157.

### III.  ANALYSIS

On January 13, 2008, plaintiff was hospitalized for treatment of acute diabetic ketoacidosis. At the time, plaintiff believed he had medical insurance provided by defendant PacifiCare of Colorado Inc. ("PacifiCare"), through his employer, defendant CitiFinancial Inc. ("CitiFinancial").[2] Nevertheless, plaintiff alleges he "was informed that his medical coverage . . . had been denied," and that PacifiCare paid only a portion of his medical bills. Ultimately, plaintiff was unable to pay his outstanding medical bills, and collection proceedings were instituted against him. He claims further that after leaving his position with CitiFinancial in February 2008, he has been unable to secure health insurance and has incurred further out-of-pocket expenses related to the treatment of his health conditions as a result.

Plaintiff filed this action in Colorado state district court alleging claims for breach of contract, bad faith breach of insurance contract, breach of fiduciary duty, and

---

[2] Defendants contend that the applicable insurance plan actually was sponsored by CitiGroup Inc.

conversion. Defendants removed to this court, asserting that all plaintiff's claims were to recover benefits allegedly due under an insurance plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), and therefore completely preempted and cognizable only under federal law. They have moved to dismiss plaintiff's state law claims on that basis. Plaintiff did not respond to the motion to dismiss, but instead filed his motion to remand, arguing that he has no standing to pursue ERISA claims. I agree with plaintiff, albeit on slightly different grounds than those urged in his motion.

A state law claim is completely preempted by ERISA, and therefore removable to federal court, if, *inter alia*, the claimant would have been able to bring his claim under ERISA § 502(a)(1)(B). **Davila**, 124 S.Ct. at 2496. Section 502(a)(1)(B) permits plan participants to sue "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1). A "participant" includes "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). **See Felix v. Lucent Technologies, Inc.**, 387 F.3d 1146, 1160 n.14 (10th Cir. 2004) ("The express grant of federal jurisdiction in ERISA is limited to suits brought by certain parties outlined in § 502. Therefore, the requirement of § 502 is both a standing and a subject matter jurisdictional requirement."), **cert. denied**, 125 S.Ct. 2961 (2005) (citations and internal quotation marks omitted).

Accordingly, former employees, such as plaintiff here, have standing to sue under ERISA only if they either have a reasonable expectation of returning to covered employment or have a "colorable claim to vested benefits" under the plan. ***Firestone Tire and Rubber Co. v. Bruch***, 489 U.S. 101, 117-18, 109 S.Ct. 948, 958 103 L.Ed.2d 80 (1989). ***See also Raymond v. Mobil Oil Corp.***, 983 F.2d 1528, 1533 (10th Cir.), ***cert. denied***, 114 S.Ct. 81 (1993). Plaintiff maintains that he has no reasonable expectation of returning to covered employment, a claim not disputed by defendants. In addition, he argues that he has no colorable claim to vested benefits because he has now confirmed that all medical bills from the incident giving rise to this lawsuit have now been paid. These post-removal developments in the factual underpinnings of the case, which are not reflected in the Amended Complaint, would not be sufficient to defeat an otherwise proper removal. ***See Thompson v. Bama Companies, Inc.***, 2006 WL 717477 at *2 & n.3 (N.D. Okla. March 20, 2006).

Nevertheless, under the law of this Circuit, the allegations of the Amended Complaint themselves are insufficient to confer standing on plaintiff to pursue an ERISA claim for benefits. The gravamen of plaintiff's Amended Complaint is that, although his employer deducted amounts from his paycheck to cover medical premiums, it failed to purchase insurance on his behalf.[3] In essence, the Amended Complaint alleges that, but for this lapse, plaintiff would have been entitled to benefits under the plan. Yet this type of allegation does not create standing to pursue an ERISA claim under the

---

[3] Similarly, the allegations against the insurer PacifiCare suggest only that it accepted insurance premiums and yet failed to pay his claims. Coupled with plaintiff's allegation that his employer failed to purchase insurance at all, the only reasonable inference must be that no insurance policy or coverage existed.

prevailing law of this Circuit:

> [F]ormer employees who had received the full extent of their vested benefits [do] not have the right to sue under ERISA for additional benefits that they might have received but for the wrongful conduct of their employers. This is because where a former employee has received all benefits entitled to him under his plan . . ., he has no colorable claim that additional benefits have vested or will vest. . . . [He] therefore seek[s] a damage award, not vested benefits improperly withheld.

*Felix*, 387 F.3d at 1160 (citations and internal quotation marks omitted). **See also** *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1225-26 (10th Cir.), **cert. denied**, 132 S.Ct. 574 (2011); *Raymond*, 983 F.2d at 1534-35 & n.11; *Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 474 (10th Cir.), **cert. denied**, 111 S.Ct. 252 (1990).

According to the allegations of the Amended Complaint, plaintiff could not seek to enforce rights in the plan because he was not a participant in the plan and therefore had no such rights. That the value of plaintiff's recovery on the claims alleged in the Amended Complaint may be measured by the benefits available under the plan, those damages, together with any consequential damages resulting from the alleged breach of duties in this case, is not determinative. Such claims merely relate to the plan, which, in turn, may present a case of conflict preemption, but they do not create standing to pursue an ERISA claim.

I therefore find and conclude that the claims asserted in the Amended Complaint were not completely preempted by ERISA. There thus was no federal subject matter jurisdiction at the time of removal, and removal therefore was improper. Accordingly, plaintiff's motion to remand must be granted.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Motion for Remand** [#40] filed January 13, 2012, is **GRANTED**;

2.  That **Defendants' Amended Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#38] filed December 13, 2011, is **DENIED AS MOOT**;

3. That the Trial Preparation Conference, currently scheduled for Friday, September 7, 2012, at 3:30 p.m., and the trial, currently scheduled to commence on September 10, 2012, are **VACATED**; and

4.  That this case is **REMANDED** to the District Court for the City and County of Denver, Colorado (where it was originally filed as Case No. 2011CV2544).

Dated May 31, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge